Ranney. J.
The whole controversy in this case, when stripped» *501 =of extraneous and irrelevant matter is reduced to a single question—
Did the court err in charging the jury that the allowance of further time by the court of common pleas, to the administrators, to collect the assets of the estate, which had not expired when this suit was brought, constituted no defense to the action ?
We assume, without deciding, that the pleadings were such as'to ■entitle the plaintiffs in error to the full benefit of this objection to a recovery.
It is not denied that the allegations and proofs were prima facie ■sufficient to have warranted a judgment for the plaintiff below; .and as the only evidence given in defense was the journal entry of the court of common pleas, allowing one year further time to collect the assets of the estate, it is evident that the legal effect of this evidence is the only question for our determination. Did it con•stitute a defense ? If it did, we must necessarily hold in every case that the creditors of an estate may, at the election of the executor, be delayed so long as it becomes necessary to give time to ^collect all its assets, although this should extend through the whole of the five years; and although their debts should have been fully liquidated by allowance or judgment, and the executor, with money in his hands during all this time, applicable to their payment. Nor would this be an unusual ease, especially with large estates.
It very often happens, that money enough for the payment of all the debts comes immediately to the hands of the executor or administrator, while the final settlement of the estate is necessarily delayed for considerable time in the collection of the claims, the proceeds of which will be subject to distribution amongst the heirs. Such a construction, we apprehend, .would open a wide door to fraud upon both the estate and creditors. The probate court, it is true, is, by the 62d and 163d sections of the administration law (1 Curw. Rev. Stat. 720, 741), armed with the power and charged with the duty of preventing such a result by refusing the application for further time, unless the funds in the hands of the executor or administrator have been substantially disbursed, and the proper .account rendered; but as the creditors - are not required to be notified of this application, and an opportunity thus given to resist it, while the order allowing it is conclusive of the fact that further tóme is given, we can not hold it operative to impair the right of *502 any creditor entitled by law to tbe payment of his debt. This case furnishes an illustration how . often such orders are improperly made; as it was admitted, the administrators had filed no account since their appointment, nor was any evidence given that they had paid out any part of the large amount of money that was shown to have come into their hands. The very fact that such an account, showing the disbursements, is required as a condition to giving further time, is conclusive of the duty of the administrator to make them; and shows the object of the allowance to be, not to retard the payment of debts from the funds on hand, or to dispense with rendering accounts at the appointed time, but simply, in the language of the statute, to give further time to collect the remaining assets of the estate.
*The plaintiffs in error place their principal reliance upon section 98 of the act to provide for the settlement of the estates of deceased persons (1 Curw. Rev. Stat. 727), which reads as follows:
“No executor or administrator shall be liable to the suit of a creditor, until after the expiration of eighteen months from the date of his administration bond, or the further time allowed by the court for the collection of the assets of the estate, unless it be for the recovery of a demand that would not be affected by the insolvency of' the estate, or unless it be brought after the estate has been represented insolvent, for the purpose of ascertaining a claim that is contested, or unless the claim has been exhibited to the executor or-administrator, and has been disputed or rejected by him.”
Upon this it is argued that the demand of Allen Greer was one that would be affected by the insolvency of the estate—that the estate had not been represented insolvent, nor had the claim been disputed or rejected by the administrators; but on the contrary, had been allowed by them as a valid claim against the estate, and falling, therefore, within no exception provided for in the section, it. could not be prosecuted until the further time allowed by the court had expired. This argument would certainly be unanswerable, if this section of the law had any application whatever to the action here prosecuted. But it has not. This suit was prosecuted upon the administration bond, to enforce the due execution of the trusty against the administrators and their surety personally, and not against the estate. The estate can neither gain nor lose by its event. The statute contains two distinct classes of provisions not to be confounded, having separate and distinct objects. By the first, to which *503 this and kindred suits belong, it is provided when, and when only, the estate may. be sued; the object being to prevent its being involved in the costs and expenses of litigation, unless it becomes absolutely necessary for the purpose of authenticating the claims made upon it; and then only, within a short ^period of limitation; and also, to prevent disturbing the equality of the distribution of its assets among all creditors -of the same class. In such a suit the executor or administrator is implicated in no wrong, and charged with no breach of duty.
The other class of provisions to which this case belongs, and by which it must be governed, is found in the seventh part of the act, relating to suits and other proceedings on the administration bond; and they are intended to afford redress for injuries and breaches of duty, committed or suffered by the. administrator, resulting in damage or loss to those interested in the estate. When these administrators accepted the trust, they became trustees for creditors first, and then for distributees of all the personal assets of the estate. The law prescribed the course to be pursued for converting them into money, and when and how, the money should be paid over to those entitled to it, and the performance in good faith of these requirements constituted the legal duty of the administrators.
The bond did not create these duties, or impose these obligations, but it was taken to secure their faithful performance; and its condition is broken, and a suit may be brought upon it, under prescribed regulations, whenever the administrator fails substantially, to do what the law requires at his hands.
The conditions upon which a creditor may put the bond in suit are specified in sections 182 and 184 of the act. (1 Curw. Rev. Stat. 744, 745.) It became necessary to construe these sections, with a ■ reference to the balance of the enactment, in the case of The State v. Cutting, ante 1; and it was there held that a creditor could only recover under section 182, when his demand against the estate had been first liquidated by allowance, judgment, or award; and if the estate was insolvent, the precise sum to which he was entitled, must have been ascertained by an order of distribution. He must also have demanded payment, after he was by law entitled to it, which was said generally, to be after ^assets ha'd come to the hands of the administrator, which he was bound so to apply. But it was not necessary in that case, to determine at what precise time this obligation would arise.
*504 These circumstances concurring, it was further held, that the creditor had the absolute right, without leave of the court, to prosecute the bond, and the recovery was had for the precise amount due him from the estate, and execution issued for his sole benefit. For any other breach of the bond, a creditor might be authorized by the probate court, under section 184, to put it in suit, and a recovery could be had for the amount of injury the estate had sustained by the maladministration of the administrator; but in such case, the execution must issue in the name of the state, for the benefit of all those interested in it, and the amount recovered paid over, to be applied in the same manner as its other assets. No leave of the court was here obtained to bring this suit, and no case is attempted to be made under section 184. Did the allegations and proofs make a case under section 182? This section provides:
“After a creditor is entitled by law to the payment of his debt from the executors or administrators, and the amount of the claim has either been admitted to be just or allowed by them, or has been ascertained by judgment or award against them, or by an order of distribution, the bond given by them for the discharge of their trust may be put in suit by such creditor, if the executors or administrators shall neglect, upon demand by such creditor, to pay such claim.”
The jury have found, and were fully warranted in finding, that the claim of Allen Greer had been duly presented to the administrators, and allowed by them; that the estate was solvent; and that the administrators had in their hands money applicable to its payment, sufficient to discharge it, at the time the demand was made, after the expiration of eighteen months, but within the further time allowed by the court. The only undecided question is, was this demand made after the creditor was by law entitled to the payment of his debt? The right to receive and the obligation to pay, are reciprocal; *and if the administrators have disregarded this important part of their duty, the creditor has been injured, and a breach of the bond is the consequence.
One year is allowed to creditors to present their claims, and within that time the administrator is required to convert the personal property into money. By section 83 he is required to “proceed with diligence to pay the debts of the deceased,” in the order of priority; and by section 99, if within one year after he has given notice of his appointment, he shall not have notice of demands *505 ¡against the estate which will authorize him to represent it insolvent, he may proceed to pay those of which he has notice, without being liable to any other creditor, “ although the remaining estate should be insufficient to satisfy such last-mentioned creditor.” Within eig'liteen months after giving bond he is required to file his first account, showing his receipts and disbursements (section 161); and he can have no further time allowed to collect the remaining assets •of a solvent estate, unless he has disbursed all the money in his hands “subject to the claims of creditors,” except one hundred dollars (section 62). This is the course pointed out by law, and is “administering, according to law, all moneys” that come to his hands; and a failure to do so is to disregard his legal duty, the performance of which is secured by his bond. And if it is thus made the legal duty of the administrator, after one year, and before the expiration of eighteen months, with funds in his hands which the law appropriates for the purpose, to pay the liquidated demand of the creditor, there can be no doubt of the legal right of the creditor to receive it, or of the existence of a legal remedy to enforce the payment when it is refused.
Whether this remedy can be pursued before the expiration of the latter period, it is unnecessary in this case to determine; nor is it necessary to deny the right of the administrator to pay one or more •creditors in full, and thus' exhaust all the money in his hands, although it should have the effect of postponing another of the same class until further assets could be collected. Let this be so, and still it can avail *very little in a case where there was no proof that the estate owed any other debts, or that the administrators had, for any purpose, paid out the money that was shown to have come to their hands.
We are therefore of opinion that the time had arrived when the creditor had a right to demand payment of his claim, and that the district court was right in holding, that the allowance of further -time to collect the remaining assets was no bar to the action.

Judgment affirmed.